IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TODD AKINS | ) |
| GEORGE CHRISTOPHER ANTHONY | ) |
| CHARLES BLANK | ) |
| ANDREW BLANK | ) |
| LINDA KAY BLANK | ) |
| NATHAN BLANK | ) |
| CHRISTOPHER GALLETTO | ) |
| BARBARA GAYDOS | ) |
| ELIZABETH GAYDOS | ) |
| ETHAN GAYDOS | ) |
| JOHN GAYDOS | ) |
| ANDREA JO GRIMSON | ) |
| DEBORAH HOMS | ) |
| KEVIN JAMES HURST | ) |
| NANCY KILFOYLE | ) |
| BRUCE RUSSELL LAWRENCE | ) |
| KIMI LAWRENCE | ) |
| ROBIN ELIZABETH LAWRENCE | ) |
| THOMAS R. LAWRENCE | ) |
| GREGORY ERIC LEINENBECH | ) |
| JOY LEINENBACH | ) |

| | |
|---|---|
| NICHOLAS L. MACKENZIE | ) |
| DEBORAH MILLRANY | ) |
| JASON PORTER REMAR | ) |
| ANGELA ROSE | ) |
| JASON ALLEN SASSER | ) |
| JERRY TIMOTHY SASSER, JR. | ) |
| JERRY T. SASSER, SR | ) |
| FRANK DAVID SILLS III | ) |
| CHRISTIAN WILLIAM SPICER | ) |
| CHRISTOPER G. SPICER | ) |
| EUNHA KIM SPICER-LINDSY | ) |
| MATTHEW SPICER | ) |
| ALAN JEFFREY WADE | ) |
| BONNIE C WADE | ) |
| MICHAEL KEVIN WADE | ) |
| THOMAS H WADE | ) |
| RICHARD WILLIAMS | ) |
| TRACY MATTHEW WINTER | ) |
| ERIC DALE ZIEGLER | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) Case No. 2017-cv-00675 |
| | ) |
| THE ISLAMIC REPUBLIC OF IRAN | ) |
|     c/o Ministry of Foreign Affairs, | ) |
|     Khomeini Avenue | ) |
|     United Nations Street | ) |

2

|   |   |
|---|---|
| Tehran, Iran | |
| and | ) |
|  | ) |
| THE IRANIAN ISLAMIC REVOLUTIONARY GUARD | ) |
| CORPS, | ) |
|     Armed Forces Headquarters Iran | ) |
|     Tehran—Zone 7—Shariati | ) |
|     Ghoddosi Square (Ghaar) | ) |
|     Tehran, Iran. | ) |
|  | ) |
|     Defendants. | ) |

# COMPLAINT

Plaintiffs bring this case against Defendants the Islamic Republic of Iran and the Iranian Islamic Revolutionary Guards Corps (also known as "the Pasdaran" or "IRGC") for damages arising out of the June 25, 1996 terrorist attack on the Khobar Towers complex in Dhahran, Saudi Arabia.  On that day, Hizballah terrorists detonated a 5,000-pound truck bomb outside the complex, which housed United States military personnel.  The blast from this bomb sheared off the entire face of the Khobar Towers complex and shattered windows up to a half mile away.  The blast killed nineteen air force servicemen and injured many others, some severely.

Plaintiffs here are injured members of the armed forces who survived the blast, and their immediate family members.  They seek damages under the Foreign Sovereign Immunities Act, 28 U.S.C. Section 1605A(c), and under other applicable state and federal law, and move for judgment against Defendants the Islamic Republic of Iran and the Islamic Revolutionary Guard Corps, jointly and severally, and in support of their Complaint allege as follows:

## JURISDICTION and VENUE

1. This Court has jurisdiction over this matter and over Defendants pursuant to 28 U.S.C. Sections 1330-1332 and 1605A.

2. This District is the proper venue pursuant to 28 U.S.C. Section 1391(f)(4).

## THE PARTIES

<u>Plaintiffs</u>

3. Plaintiff Todd Akins is a resident of Maryland. In 1996, he was stationed at Eglin Air Force Base before being assigned for a tour of duty at the U.S. Air Force base in Dhahran, Saudi Arabia. He was housed at the Khobar Towers complex and suffered severe injuries in the blast, including to his neck, lower back, knee and left elbow. He suffers from continuing nerve pain and neck, knee and lower back pain which continues to this day. He has been diagnosed with Post Traumatic Stress Disorder ("PTSD"), and still suffers flashbacks and recurrent episodes of panic. He is rated as 80 percent disabled by the Air Force. Akins is and was at all relevant times a United States citizen.

4. Plaintiff George C. Anthony is a resident of Louisiana. He is and was at all relevant times a United States citizen. He was with the 58th Fighter Squadron from Eglin Air Force Base when housed at the Khobar Towers complex in June 1996 during his tour of duty in Dhahran, Saudi Arabia. At the moment of the explosion, he was on the first floor of the building, and was thrown backwards. He suffered a dislocated and fractured shoulder and various other injuries. As a result, he has chronic pain in his back, his sacro-iliac and hips, making it intermittently difficult to walk. He also has been diagnosed with PTSD, and still suffers flashbacks and recurrent episodes of panic.

5. Plaintiff Charles Blank is a resident of Arizona. He was with the 34th Fighter Squadron from Hill Air Force Base when he was stationed in Saudi Arabia. He was injured by flying debris from the blast which required 22 stiches, and was awarded a purple heart for those injuries. His brother, plaintiff Andrew P. Blank is a resident of Texas; his sister, plaintiff Deborah Millraney, is a resident of Texas; his wife plaintiff Linda Kay Blank, and his son, plaintiff Nathan Blank, are all residents of Arizona. All are United States citizens, and were at all relevant times. All were deeply distressed and suffered severe emotional and mental anguish when they heard of the terrorist attack and saw the devastation and rubble

on television news, and spent considerable time without even knowing whether Charles Blank had survived.

6. Plaintiff Chris Galletto is a resident of Florida.  He is and was at all relevant times a United States citizen.  He was assigned to a unit stationed at Dhahran which suffered the attack until he was reassigned shortly before the attack. He lost three close friends in the terrorist attack, and was deeply and irrevocably scarred for life when he first learned of the carnage on televised news reports.  He has been diagnosed with and suffers from PTSD and depression as a result.  He is now under the care and treatment of the Veterans Administration, he is rated at 100% disabled by the VA and is in need of heavy medications for his conditions. He often suffers panic attacks when the subject of this attack is brought up.  He also suffers from nightmares.  His quality of life is irrevocably damaged as a result of the attack.

7. Plaintiff John Gaydos is a resident of South Carolina. He was stationed at Shaw AFB in Sumter SC when he was assigned a tour of duty at the U.S. Air Force base in Dhahran, Saudi Arabia in 1996. He was housed at the Khobar Tower complex and suffered severe injuries in the blast, including to his face, arms and legs. To this day, he cannot feel with his left hand and has difficultly standing. He also has been diagnosed with PTSD and is rated 100% disabled by the Veterans Administration and the Social Security Administration. He was awarded a Purple Heart for these injuries. Plaintiff Barbara Gaydos is his wife.  She also suffered great pain and anguish when she first learned of the attack and did not know if her husband had survived.  She only learned after he had been evacuated to an Army hospital in Landsthul, Germany that he was alive. John Gaydos' son, plaintiff Ethan Gaydos, and his daughter, plaintiff Elizabeth Gaydos, residents of South Carolina, also suffered considerable pain and anguish.  All persons named in this paragraph were at all relevant times and are citizens of the United States.

8. Plaintiff Kevin James Hurst is a resident of Nevada.  He is and was at all relevant times a United States citizen. He was at the time of his injury a Senior Airman, Aircraft Armament System Specialist, E-4, with the United States Air Force, temporarily assigned to the Air Force Base in Dharhan, Saudi Arabia.  He sustained significant injuries and damage to his right foot and back as a result of the explosion.  To this day, he suffers from recurrent foot and lower back pain, requiring spinal epidural

5

injections several times a year. He also suffers from PTSD. He is rated as 80 percent disabled by the Air Force.

9. Plaintiff Thomas R. Lawrence is a resident of North Dakota. He was a Senior Airman with the Air Force stationed at the Air Force base in Dhahran, Saudi Arabia, and housed at the Khobar Towers complex. In the blast, he suffered cuts, scratches, and abrasions, but his psychological wounds were far deeper. He is currently diagnosed as having PTSD. He continues to see a psychologist at the VA for help in dealing with symptoms related to the attack. Plaintiff Andrea Jo Grimson is a resident of North Dakota. She is the sister of Thomas Lawrence. She was eleven at the time her brother was victimized in the Khobar Towers terrorist attack. She suffered great distress when she first heard of the attack and saw news reports of the devastation and rubble on television. Plaintiffs Robyn Elizabeth Lawrence (wife of Thomas), Bruce Russell Lawrence (father of Thomas) and Kimi Lawrence (his mother), were in the same predicament and victimized in the same way. They are residents of North Dakota as well. All are United States citizens and were citizens at all relevant times.

10. Plaintiff Gregory Eric Leinenbach is a resident of Florida and was at all relevant times and is a United States citizen. He suffered significant physical injuries, including abrasions and deep cuts to his feet and legs, and was awarded the Purple Heart. He has been diagnosed with PTSD. His wife Plaintiff Joy Leinenbach suffered great personal pain and anguish when she first heard about the explosion, and before she learned that her husband was alive. She also suffers from his PTSD, which makes him moody and difficult at times.

11. Plaintiff Nicholas L. MacKenzie is a resident of Florida. He was at all relevant times and is a United States citizen. He was caught in the blast and suffered cuts and abrasions. He helped evacuate a number of his deeply wounded compatriots, and suffered deeply from what he witnessed. To this day, he suffers from recurrent fear, depression, grief, sorrow, helplessness, self-pity and anger.

12. Plaintiff Jerry Timothy Sasser, Jr., is a resident of Florida. He was at all relevant times and is a United States citizen. He suffered significant injury when he was forcefully propelled against a wall by the explosion at the Khobar Towers, sustaining herniated and ruptured discs requiring back surgery. He

6

requires daily medication for the pain and has been diagnosed with PTSD.  He is rated as 90 percent disabled by the Air Force.  Plaintiff Jerry T. Sasser, Sr., his father, is also resident of Florida.  He suffered great pain and anguish when he first learned of the attack on television, and did not know whether his son was alive or dead.  Plaintiff Jason Allen Sasser, a resident of Florida and Jerry Jr.'s brother, also suffered great pain and anguish when he first heard of the attack and did not know whether his brother had survived, and only learned that he had some two weeks later.  Plaintiff Deborah Homs (Sasser), Jerry Sasser's mother, is a resident of Florida, and went through the same painful process, not knowing whether her son was alive or not for a full 14 days.  That pain and suffering was extreme, and more devastating when combined with the psychological damage done to her son. All plaintiffs named in this paragraph were at all relevant times and are United States citizens.

13. Plaintiff Frank David Sills III is a resident of Florida.  He is and was at all relevant times a United States citizen.  He suffered significant injuries to the left side of his face and leg in the Khobar Towers blast.  To this day, he suffers from substantial leg pain, survivors' guilt, and psychological trauma.  He has undergone two major surgeries and one minor surgery in the years since the attack in order to try to repair his injuries.  He has also suffered significant psychological trauma, and has been diagnosed with generalized anxiety disorder and PTSD.  He is rated at 60 percent disabled by the Air Force.

14. Plaintiff Matthew G. Spicer is a resident of Missouri.  He suffered cuts and wounds from flying glass in the Khobar Towers blast.  He was deeply affected by the sight of so many of his comrades lying dead and wounded around him.  He has suffered PTSD.  His ex-wife Plaintiff Cathy EunHa Kim Spicer Lindsy, a resident of Missouri, his disabled son plaintiff Christian William Spicer, also resident in Missouri, and brother plaintiff Christopher G. Spicer, resident in Arkansas, all also suffered considerable pain and anguish.  All were at all relevant times and are United States citizens.

15. Plaintiff Alan Jeffrey Wade is a resident of Virginia.  He was severely injured in the blast, sustaining significant shrapnel damage to his back, arms, and right hand.  He was awarded the Purple Heart for his injuries and the Air Force Commendation Medal with Valor for Heroism for his selfless

actions rescuing others immediately following the blast. To this day, he suffers recurrent pain from his physical injuries and suffers from PTSD, Major Depressive Disorder, and Survivor's Guilt syndrome. He is rated at 50% disabled by the VA. His mother plaintiff Bonnie C. Wade, a resident of Virginia, and his brother plaintiff Michael Kevin Wade (also resident in Virginia) saw news of the terrorist attack on television, and suffered great pain and personal anguish, not knowing whether Alan had survived or not. His father plaintiff Thomas H. Wade, a resident of Virginia, went through the same ordeal. All were at all relevant times and are United States citizens.

16. Kevin S. Williams was stationed at Dharhan, Saudi Arabia and housed at the Khobar Towers complex at the time of the explosion in 1996. He was severely injured in the blast. Plaintiff Richard M. Williams is Kevin S. Williams' father. Plaintiff Richard S. Williams suffered great personal pain and anguish when we first heard of the bombing of Khobar Towers and before he learned his son, Kevin S. Williams, had survived some two days later. Richard also suffered pain and anguish when he learned of the extent of Kevin's injuries and when he found himself deprived of the company and society of the healthy, optimistic, and ambitious young man his son Kevin had been prior to his injury. Both Kevin and Richard Williams are and were at all relevant times United States citizens.

17. Plaintiff Tracy Matthew Winter is a resident of Georgia and was at all relevant times and is a United States citizen. He was cut by flying glass in the Khobar Towers explosion and received 11 stitches. Today he still suffers from PTSD and is rated as 70 percent disabled by the Air Force. His mother plaintiff Angela Rose is a resident of Georgia, and is and was at all relevant times a United States citizen.

18. Plaintiff Eric Dale Ziegler is a resident of Arizona. In 1996, he was stationed at Eglin Air Force Base before being assigned for a tour of duty at the U.S. Air Force base in Dhahran, Saudi Arabia. At the time of the bombing, Mr. Ziegler was housed at the Khobar Towers complex Bldg 131 and was in his suite with four of his roommates. Mr. Ziegler was the only survivor from the room. All four of the other men (TSgt. Patrick Fennig, Sr A Jeremy Taylor, A1C Brent Marthaler, and TSgt Thanh "Gus" Nguyen) were killed in the blast. Mr. Ziegler held Pat Fennig as he died and stepped over the bodies of

8

others to escape the building, for fear of a secondary bombing and/or the building collapsing. Immediately after the bombing Mr. Ziegler was taken to a local international hospital (ARAMCO) where they stitched his eye-lid closed and triaged other injuries. Mr. Ziegler was then sent to Ramstein AFB, Germany to monitor his eye and other injuries. Mr. Ziegler suffered significant physical injuries during the blast, including abrasions and deep cuts to his face, scalp, right eye, left foot, right upper arm, right knee and back requiring numerous stitches throughout. Also injured severely was his neck, lower back, right knee, left hip and right hand palm. He suffers from continuing nerve pain in his left arm with diminished use and feeling making daily life skills difficult since he is left handed, also both legs with diminished use and feeling making it intermittently difficult to walk which both continue to this day. He has undergone major surgery trying to repair his injuries for his neck which included metal plates and 6 screws to be installed to hold the spine in place. He has undergone 2 major back surgeries and 2 major right knee surgeries with one being a total knee replacement. He requires daily medication for the pain and to sleep. He has also suffered significant psychological trauma and has been diagnosed with severe Post Traumatic Stress Disorder ("PTSD") and a Traumatic Brain Injury (TBI). Both were important factors in his divorce in 2007. He was awarded the Purple Heart for his injuries and is rated as 100 percent disabled by the Air Force and the VA. Eric Dale Ziegler is and was at all relevant times a United States citizen. Plaintiff Nancy Kilfoyle, former wife of Eric Ziegler, is a resident of Arizona. She was at all relevant times and is a United States citizen. She was married to Eric Ziegler at the time of the blast at the Khobar Towers. Ms. Kilfoyle suffered great distress and anguish when she first heard of the terrorist attack on television and did not know whether her husband was alive or not. After the bombing, when Mr. Ziegler got home and into a normal routine, he changed. Mr. Ziegler was no longer the out-going person he used to be, he withdrew from friends and kept feelings inside. Mr. Ziegler suffered both physical and emotional scars. The bombing took a toll on the marriage of Ms. Kilfoyle and Mr. Ziegler, and after many years of conflict the marriage ended in divorce in January 2007.

19. Plaintiff Jason Porter Remar is a resident of Florida. In 1996, he was stationed at Eglin Air Force Base with the 58th Fighter Squadron and was assigned for a tour of duty at the U.S. Air Force base in Dhahran, Saudi Arabia. He was housed at the Khobar Towers complex. In the blast abused by the terrorist attack, he suffered cuts, scratches, and abrasions. He lost many close friends in the terrorist attack. He suffers from continuing nerve pain in his neck, and hearing loss which continues to this day. He also has been diagnosed with persistent depressive disorder, generalized anxiety disorder, and survivor's guilt, and still suffers flashbacks. He is rated as 50 percent disabled by the Air Force. Plaintiff Remar is and was at all relevant times a United States citizen.

Defendants

20. Defendant the Islamic Republic of Iran (hereinafter also referred to as "Iran"), is a foreign state that has been designated a state sponsor of international terrorism within the meaning of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371) and section 40 of the Arms Export Control Act, 22 U.S.C. § 2780, since January 19, 1984. The Islamic Republic of Iran provides material support and resources to Hezbollah, a politico-paramilitary terrorist organization, by providing it with funding, direction and training for its terrorist activities.

21. The Islamic Republic of Iran has been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hezbollah in cases before this Court, including <u>Anderson v. The Islamic Republic of Iran</u>, 90 F. Supp. 2d 107 (D.D.C. 2000) and <u>Cicippio v. The Islamic Republic of Iran,</u> 18 F. Supp. 2d 62 (D.D.C. 1998). It has also been found liable for the same terrorist attack at the Khobar Towers at issue here. <u>Blais v. Islamic Republic of Iran, et al</u>., 459 F. Supp. 2d 40 (D.D.C. 2006); <u>Estate of Heiser v. Islamic Republic of Iran</u>, 466 F. Supp. 2d 229 (D.D.C. 2006). Accordingly, defendant Islamic Republic of Iran is collaterally estopped in this action from denying that it is liable for the acts and actions of defendant Hezbollah in carrying out the terrorist attack at issue here.

22. Defendant, the Iranian Islamic Revolutionary Guard Corps, also known as Pasdaran or IRGC, (hereinafter referred to as "IRGC") is a military organization and a branch of the Islamic Republic of Iran. The IRGC, with its own separate ministry, has evolved into one of the most powerful organizations in Iran. The IRGC functions as an intelligence organization, both within and outside the country of Iran. The IRGC exerts considerable influence on the government policies of Iran. In addition, the IRGC has become a powerful military instrument for defending the Islamic fundamentalist revolution and Islamic Republic of Iran and is dedicated to the export of Islamic Fundamentalism principles throughout the world through acts of terrorism. The IRGC is the agency through which Iran prepared and oversaw the actions relating to the bomb attack on the Khobar Towers of Dhahran, Saudi Arabia on June 25, 1996. The IRGC, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, each within the meaning of 28 U.S.C. § 1605A, as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to defendant Hezbollah for its terrorist activities in Saudi Arabia that caused the injuries to plaintiffs herein. Defendant the IRGC has been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hezbollah in the cases of Higgins v. The Islamic Republic of Iran, Civ. No. 99-377(RCL) (D.D.C. Sept. 21, 2000), and Surette v. Islamic Republic of Iran, Case No. 01-570 (D.D.C. November 1, 2002). Moreover, it has been found liable by this Court for the same terrorist attack at issue here. Blais v. Islamic Republic of Iran, et al., 459 F. Supp. 2d 40 (D.D.C. 2006); Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C. 2006). Accordingly, Defendant IRGC is collaterally estopped in this action from denying that it is liable for the acts and actions of Hezbollah in causing plaintiffs' injuries and damages here.

23. Hezbollah was formed by Iran utilizing IRGC assets as an organization to export Islamic fundamentalism to other Middle Eastern countries and the world through acts of terrorism, including, but not limited to, the actions relating to the bomb attack in the Khobar section of Dhahran, Saudi Arabia on June 25, 1996. Hezbollah, acting as an agent of the Islamic Republic of Iran and of IRGC, performed acts

11

within the scope of its agency, within the meaning of 28 U.S.C. § 1605A, that caused the injuries to the Plaintiffs herein.

## STATEMENT OF FACTS

24. Several years before the terrorist attack at issue here, the Islamic Republic of Iran had begun a program of carefully planned acts of terrorism designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Its principal agents in this regard were the Iranian Ministry of Information and Security ("MOIS") and the Pasdaran or Iranian Islamic Revolutionary Guard Corps ("IRGC").

25. In the early 1980's Iran, through MOIS and the IRGC, established Hezbollah in Lebanon as a terrorist organization employing tactics such as kidnapping, torture and murder. The MOIS and the IRGC provided funding, training and equipment to Hezbollah enabling it to pursue and achieve its mission of terrorism. By the early 1990's, the activities of Hezbollah were no longer limited to Lebanon. Its operatives were now operating in a number of countries utilizing the tactics taught to them in Iran and the Bekka Valley in Lebanon at facilities established, operated and supported by the defendants.

26. In this period, the presence of United States personnel in Saudi Arabia was viewed by the Iranian government as supportive of a Saudi monarchy, which was closely allied with Western governments. In Iran's view, a large-scale terrorist operation designed to kill Americans would expose the corruption of the house of Al-Saud and result in a revolution and the establishment of an Islamic Republic in Saudi Arabia. The Iranian government, acting through MOIS, IRGC, Hezbollah, and Osama bin Laden, began preparations for a bombing of a target associated with American interests. In 1995, the defendants began months of preparation for such an operation. Hezbollah operatives began to scout potential Arabian targets. Small shipments of explosives were smuggled into Saudi Arabia and stored. An elaborate professional intelligence network was established to carry out the mission.

27. By June of 1996, the bomb components had arrived in Saudi Arabia, including high explosives, incendiary materials, and sophisticated fuses as well as the tools for the bomb assembly. The Defendants selected and approved a target in Dhahran to be detonated by Hezbollah agents.

28. In the evening of June 25, 1996, two men drove a stolen Mercedes Benz tanker truck containing the bomb into the Saudi compound that surrounded the American sector at the al-Khobar military area near Dhahran. They parked the truck 80-100 feet from a building which housed the American personnel. The men drove away in a waiting Chevrolet Caprice, which had also been stolen as a getaway vehicle. A few minutes later, the bomb exploded.  The explosion killed dozens of persons including nineteen American servicemen.  Hundreds of others were injured and burned.  The blast caused structural damage in buildings a quarter mile away.

29. Plaintiffs suffered personal injury as a result of the terrorist explosion, and/or suffered economic damages, loss of consortium and solatium, as well as pain and suffering for intentional infliction of emotional distress.

## COUNT I

### ACTION FOR DAMAGES UNDER 28 U.S.C. SECTION 1605A

30. Plaintiffs repeat and incorporate by reference the allegations of all prior paragraphs as though fully set forth herein.

31. Iran and IRGC provided material support and resources to Hezbollah, within the meaning of 28 U.S.C. Section 1605A(a), which caused and facilitated the terrorist attack at the Khobar Towers.

32. That terrorist attack, which resulted in nineteen deaths, was an extrajudicial killing within the meaning of 28 U.S.C. Section 1605A, and also caused great personal injury and damage to many others.

33. Plaintiffs herein were injured in the attack, or are immediate family members of those injured in the attack.  All suffered severe harm, including personal injury, mental anguish,

13

pain and suffering, loss of companionship and society, loss of consortium, pecuniary loss and loss of income.

34. The conduct of Iran and IRGC was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages under 28 U.S.C. Section 1605A(c).

35. Iran and IRGC are therefore liable for the full amount of plaintiffs' damages and for punitive damages under 28 U.S.C. 1605A(c), jointly and severally, in an amount to be determined, but no less than $700 million.

## COUNT II

### ACTION FOR PERSONAL INJURY

(28 USC SECTION 1605A(c) and ASSAULT AND BATTERY)

36. Plaintiffs incorporate herein by reference all prior paragraphs as if fully set forth at length.

37. Defendants intended to and did cause great physical harm, maiming, and death to plaintiffs and severe mental anguish and distress to their immediate family members by detonating a powerful explosive device in their immediate proximity.

38. As a result of defendants' actions, Plaintiffs who were servicemen – namely Plaintiffs Todd Akins, George C. Anthony, Charles Blank, Chris Galleto, John Gaydos, Kevin James Hurst, Thomas R. Lawrence, Gregory Eric Leinenbach, Nicholas L. MacKenzie, Jason Porter Remar, Jerry Timothy Sasser, Frank David Sills III, Matthew G. Spicer, Alan Jeffrey Wade, Tracy Matthew Winter and Eric Dale Ziegler--suffered physical and psychological injuries.

39. Under 28 U.S.C. Section 1605A(c), Defendants the Islamic Republic of Iran and IRGC are liable to plaintiffs who suffered personal injuries, both physical and psychological, for their damages including pain and suffering and economic damages.

40. Defendant IRGC, acting on their own as well as as agents of the Islamic Republic of Iran, performed acts within the scope of their agency which also caused the injuries to plaintiffs within the meaning of 28 U.S.C. § 1605A.

41. Defendants the Islamic Republic of Iran and the IRGC are jointly and severally liable to plaintiffs because they controlled and acted in concert with Hizballah in sponsoring its terrorist activities in Saudi Arabia.

42. WHEREFORE, Plaintiffs Todd Akins, George C. Anthony, Charles Blank, Chris Galleto, John Gaydos, Kevin James Hurst, Thomas R. Lawrence, Gregory Eric Leinenbach, Nicholas L. MacKenzie, Jason Porter Remar, Jerry Timothy Sasser, Frank David Sills III, Matthew G. Spicer, Alan Jeffrey Wade, Tracy Matthew Winter and Eric Dale Ziegler demand that judgment be entered against Defendants for damages to compensate them for their injuries, medical expenses, economic losses, and pain and suffering, in an amount to be determined at trial, but no less than $200 million.

**Count III**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(28 USC Sections 1605A and 1606)

43. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length.

44. The act of terrorism in detonating a bomb outside of the Khobar Towers complex in Dhahran, Saudi Arabia, with the intent to kill and maim Americans and which in fact did kill and

severely injure Americans, including Plaintiffs, constituted extreme and outrageous conduct on the part of Hizballah members and agents. The extensive planning and preparation which went into the attack further underscores the malicious and heinous nature of the terrorism involved.

45. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizballah members, whose acts were funded and directed by Iran and by the IRGC, all Plaintiffs herein suffered severe emotional distress, including extreme mental anguish and emotional and physical pain and suffering.

46. Defendants are directly and vicariously responsible for Hizballah's actions because they funded, trained, and directed Hizballah and acted in concert with Hizballah in sponsoring the terrorist attack on Khobar Towers. They are responsible under state and federal substantive law as made applicable by 28 U.S.C. Section 1606 as well as under 28 U.S.C. Section 1605A.

47. All Plaintiffs were intended and directly affected victims of defendants' plan to intentionally inflict emotional distress on the victims of their terrorist acts, and are entitled to compensation under applicable law.

48. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs for the intentional infliction of emotional distress.

WHEREFORE, all Plaintiffs demand that judgment be entered against Defendants, jointly and severally, in an amount to be determined at trial.

**Count IV**

**SOLATIUM, PAIN AND SUFFERING AND LOSS OF CONSORTIUM**

(28 USC SECTION 1605A(c))

49. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth at length.

50. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizballah members, whose acts were funded and directed by Iran and by the IRGC, Plaintiffs who were immediate family members of the servicemen listed in paragraph _ above were deprived of the assistance, society and companionship of their family members who were injured in the terrorist attack for extended periods of time.  Those plaintiffs who were immediate family members –plaintiffs Andrew P. Blank, Linda Kay Blank, Nathan Blank, Barbara Gaydos, Ethan Gaydos, Elizabeth Gaydos, Andrea Jo Grimson, Robyn Elizabeth Lawrence, Bruce Russell Lawrence, Kimi Lawrence, Joy Lienenbach, Deborah Millraney, Jerry Timothy Sasser, Sr., Jason Allen Sasser, Deborah Homs (Sasser), Cathy EunHa Kim Spicer Lindsy, Christian William Spicer, Christopher G. Spicer, Bonnie C. Wade, Michael Kevin Wade, Thomas H. Wade, Richard S. Williams, Angela Rose and Nancy Kilfoyle—suffered severe emotional distress and mental anguish as a result of the injuries to their loved ones and as a result of being deprived of their companionship. They are still deprived of the assistance, society, and companionship of the healthy and vibrant young men they knew and loved prior to the terrorist attack described above.  This has caused them to suffer, among other things, extreme mental anguish and emotional and physical pain and suffering.

51. As a result, Plaintiffs Andrew P. Blank, Linda Kay Blank, Nathan Blank, Barbara Gaydos, Ethan Gaydos, Elizabeth Gaydos, Andrea Jo Grimson, Robyn Elizabeth Lawrence, Bruce Russell Lawrence, Kimi Lawrence, Joy Lienenbach, Deborah Millraney, Jerry Timothy Sasser, Sr., Jason Allen Sasser, Deborah Homs (Sasser), Cathy EunHa Kim Spicer Lindsy, Christian William Spicer, Christopher G. Spicer, Bonnie C. Wade, Michael Kevin wade, Thomas

H. Wade, Richard S. Williams, Angela Rose and Nancy Kilfoyle are entitled to damages for solatium and/or loss of consortium under applicable law.

52. For these reasons, Defendants are jointly and severally liable to plaintiffs in an amount to be determined at trial.

**Count V**

**PUNITIVE DAMAGES**

28 USC Section 1605A (c)

53. Plaintiffs incorporate by reference all prior paragraphs above as if fully set forth at length.

54. The actions of defendants acting in concert to carry out their unlawful objectives were malicious and willful, wanton and reckless in their disregard for human life and limb, and caused severe injuries to all Plaintiffs and untold pain and suffering to those Plaintiffs who were the immediate family members and loved ones of the injured servicemen.

55. The actions of Hizballah were undertaken at such time as they were operating for and in the service of Defendants Iran and the IRGC, and in concert with those defendants, which are therefore both vicariously and directly liable to plaintiffs.

56. For the reasons stated above, Defendants Iran and the IRGC are jointly and severally liable to plaintiffs for punitive damages. Plaintiffs demand an award of punitive damages against those defendants jointly and severally, in an amount to be determined by the Court, but no less than $500 million.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor and against Defendants on Counts I through V, and grant Plaintiffs:

A. Compensatory damages in favor of Plaintiffs as against Defendants jointly and severally, in amounts to be determined by the Court;

B. Punitive Damages in favor of Plaintiffs as against defendants in the amount demanded hereinabove;

C. Reasonable costs and expenses;

D. Reasonable attorneys' fees; and

E. Such other and further relief as the Court may determine to be just and equitable in the circumstances.

                Respectfully submitted,

                /s/ Paul G. Gaston
                Paul G. Gaston (DC Bar # 290833)
                LAW OFFICES OF PAUL G. GASTON
                1901 Pennsylvania Avenue, NW, Suite 607
                Washington DC 20006
                202-296-5856
                paul@gastonlawoffice.com

                *Attorney for Plaintiffs*

DATED: April 17, 2017