UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TODD AKINS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 17-675 (BAH) <br><br> Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

More than six years after judgment was entered in this case, on September 10, 2018, and the matter closed on this Court's docket, certain plaintiffs have moved "for entry of an order awarding them supplemental compensatory damages." Certain Plaintiffs' Motion for Supplemental Damages ("Pls.' Mot.") at 13, ECF No. 47. For the reasons explained below, this motion is denied.

**I.      BACKGROUND**

This case arises out of the June 25, 1996, terrorist bombing of the Khobar Towers apartment complex in Dhahran, Saudi Arabia, that housed United States military personnel and contractors. The attack on the complex resulted in the death of nineteen American servicemembers and injured many other residents of the complex. Compl. at 3, ¶ 28, ECF No. 1. In September 2018, fifteen of the injured servicemembers, twenty-three of their immediate family members, and one family member of another servicemember who was injured in the bombing but was not a plaintiff in this lawsuit obtained a default judgment against defendants, the Islamic Republic of Iran and the Iranian Islamic Revolutionary Guard Corps ("IRGC"), jointly and severally, for a total amount of $104,700,000. *Akins v. Islamic Republic of Iran ("Akins I")*, 332 F. Supp. 3d 1 (D.D.C. 2018).

1

Over two years later, in January 2021, after entry of judgment and "no timely appeal" was taken "to challenge any part of the judgment entered in their favor," the plaintiffs moved, under Federal Rule of Procedure 60(b), to modify the default judgment entered in their favor to "increase the damages awarded to certain plaintiffs . . . and to add punitive damages and prejudgment interest to all plaintiffs' final awards." *Akins v. Islamic Republic of Iran ("Akins II")*, 549 F. Supp. 3d 104, 106 (D.D.C. 2021); Pls.' Mot. for Relief from J., ECF No. 42. That motion was denied, in July 2021, for failure to satisfy the standards for the requested relief under either Federal Rule of Civil Procedure 60(b)(5) or (b)(6). *Akins II*, 549 F. Supp. 3d at 112-22. Specifically, plaintiffs failed to show the judgment was "prospective" as required under 60(b)(5), *id.* at 112-13, and failed to show "extraordinary circumstances" existed to warrant relief as required under 60(b)(6), *id.* at 113-22. Plaintiffs again filed no appeal. *See generally Akins v. Islamic Republic of Iran*, No. 17-cv-675 (D.D.C.) (showing no appeal filed).

More than three years later, on December 11, 2024, fourteen of the servicemember plaintiffs and eight family member plaintiffs moved for an order granting them supplemental damages to compensate for "additional damages" suffered since the entry of judgment in September 2018. Pls.' Mot. at 1. Specifically, these plaintiffs argued four types of additional damages had occurred since judgment was entered in this case. First, some plaintiffs with Post Traumatic Stress Disorder ("PTSD") have experienced worsening symptoms, leading to "increases in [their] disability rating[s] from the Veterans Administration." *Id.* Second, other plaintiffs who "had not sought any disability rating . . . at the time their claims were brought against defendants" have now obtained disability ratings and seek supplemental damages on that basis. *Id.* at 1-2. Third, some family member plaintiffs assert that their "servicemember loved one's awards were lower than they could or should have been," meaning that their own awards were also too low, and

thus that they should receive supplemental damages. *Id.* at 2. Finally, some plaintiffs argue that their awards should be increased to be commensurate with those they would have received under the rubric established, after default judgment was entered in the instant case, by this Court in *Schooley v. Islamic Republic of Iran*, No. 17-cv-1376 (BAH), 2019 WL 2717888 (D.D.C. June 27, 2019). Pls.' Mot. at 2. According to these plaintiffs, such an order is necessary to "level the playing field and restore fairness" with damages awards received by other plaintiffs in subsequent cases arising out of the Khobar Towers bombing, *id.* at 6, and the Court has the "inherent power" to grant the relief requested, *id.* at 4. Having received no response from defendants, this motion is now ripe for review.

## II.   DISCUSSION

The law provides no support for plaintiffs' assertion that granting supplemental damages in this case falls within the Court's "inherent power." *Id.* To the contrary, plaintiffs' request for additional damages is precluded by the original judgment entered. Under well-established legal principles, "[w]hen a valid and final personal judgment is rendered in favor of [a] plaintiff," that plaintiff "cannot thereafter maintain an action on the original claim or any part thereof." Restatement (Second) of Judgments §§ 18, 18(1) (Am. L. Inst. 1982); *see also North v. Walsh*, 881 F.2d 1088, 1093 (D.C. Cir. 1989) (R.B. Ginsburg, J.) ("A final judgment on a claim . . . precludes a second action on that claim or any part of it."). As the Restatement of Judgments further explains:

> Typically, even when the injury caused by an actionable wrong extends into the future and will be felt beyond the date of judgment, the damages awarded by the judgment are nevertheless supposed to embody the money equivalent of the entire injury. Accordingly, *if a plaintiff who has recovered a judgment against a defendant in a certain amount becomes dissatisfied with his recovery and commences a second action to obtain increased damages, the court will hold him precluded*; his claim has been merged in the judgment and may not be split.

3

Restatement (Second) of Judgments § 25 cmt. c (emphasis supplied); *see also id.* § 18 cmt. b ("[I]f [a plaintiff] brought an action against the defendant for negligently causing him personal injury, and after a trial the jury awarded him a certain sum and judgment was given for that sum, he might later be able to prove that the injury was more serious than had appeared at the trial. . . . Since, however, his claim has been merged in the judgment, he cannot maintain an action on the original claim."); *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 n.5 (D.C. Cir. 1983) (Scalia, J.) ("Generally speaking, the law regards the injury inflicted by a wrongful act as a past fact, complete at the time suit lies, even though latent effects of that injury manifest themselves only in the future.").

In other words, when plaintiffs obtained a judgment in their favor in 2018, the money damages awarded were intended to compensate for the entirety of their injuries from the Khobar Tower bombing, whether the impacts were felt in the past, present, or future. At the time of the entry of the final judgment, any claim plaintiffs had against defendants for monetary damages from injuries suffered due to the Khobar Tower bombing merged into the final judgment entered, precluding these plaintiffs from bringing any future actions against defendants for additional damages from that attack. The fact that some plaintiffs' injuries subsequently worsened and others gained further information about the extent of their injuries by seeking disability ratings neither requires alteration of the finality of the judgment entered nor empowers the Court to enter a new judgment awarding additional damages based on the same claim.

Nor do the patent cases cited by plaintiffs support the assertion that supplemental damages can be entered "where there is continuing injury even after entry of judgment." Pls.' Mot. at 4.[1]

---

[1] Even if plaintiffs were correct that supplemental damages are available "where there is continuing injury even after entry of judgment," Pls.' Mot. at 4, many of the moving plaintiffs fail to allege any "continuing injury" in this case. For instance, those plaintiffs who had not sought a disability rating before the entry of judgment in September 2018 but have since obtained a disability rating have not necessarily alleged any continuing injury but

4

Instead, these cases stand for the narrower proposition that supplemental damages are appropriate when there is continuing injury *due to new acts* of infringement that are not the subject of the first judgment, since each new act of infringement gives rise to a new claim that is not yet extinguished by a judgment. *See, e.g.*, *Dow Chem. Co. v. Nova Chems. Corp.*, 803 F.3d 620, 627 (Fed. Cir. 2015) (explaining that "traditional notions of claim preclusion do not apply when a patentee accuses new acts of infringement, i.e., post-final judgment, in a second suit," (quoting *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056 (Fed. Cir. 2014)), and further that "claim preclusion also does not apply to damages accruing after the filing of the complaint and not the subject of the first judgment"); *Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 960 (N.D. Cal. 2009) (discussing "the award of supplemental damages for infringement between a jury verdict and the entry of judgment"); *Stryker Corp. v. Davol Inc.*, 234 F.3d 1252, 1254 (Fed. Cir. 2000) (discussing "supplemental damages . . . for infringement from the date of the jury's verdict to the entry of the permanent injunction"). In the instant case, this principle might support an award of supplemental damages had plaintiffs suffered additional injuries resulting from new acts committed by defendants after the entry of judgment, but no new acts by defendants are at issue here. Rather, plaintiffs seek a supplemental judgment based only on the same claim on which judgment has already been entered. Plaintiffs are precluded from such an additional award of damages in this case.

---

instead simply provided the Court with a new method for calculating the injuries they suffered and want recalculation of their damages on that basis. The same is true of the plaintiffs who seek to have the damages awarded to them increased based on the rubric adopted by this Court in *Schooley*, 2019 WL 2717888—which argument has already been found insufficient to disturb the final judgment in this case, *Akins II*, 549 F. Supp. 3d at 118-20. Moreover, to the extent the family member plaintiffs rely on either of these arguments to claim their own awards should be increased, they, too, have not alleged any continuing injury. Therefore, even if plaintiffs were correct that supplemental damages may be entered for continuing injuries, regardless of whether they were caused by new actions by defendants, such damages would be denied to the plaintiffs relying on the arguments described, for failure to allege any "continuing injury" has been suffered.

Accordingly, it is hereby—

**ORDERED** that Certain Plaintiffs' Motion for Supplemental Damages, ECF No. 47, is **DENIED**.

**SO ORDERED**.

Date:  May 8, 2025

_____
**BERYL A. HOWELL**
United States District Judge

Case 1:17-cv-00675-BAH   Document 48   Filed 05/08/25   Page 6 of 6